United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Patent Holder LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-23060-Civ-Scola |
| | ) |
| Lone Wolf Distributors, Inc. and | ) |
| Lone Wolf R&D LLC, Defendants. | ) |

### **Order on Defendants' Motion to Dismiss**

The Plaintiff brings this lawsuit against Lone Wolf Distributors, Inc. and Lone Wolf R&D LLC (collectively, "Lone Wolf" or "Defendants") for patent infringement. This matter is before the Court on the Defendants' Motion to Dismiss for Lack of Venue, or in the Alternative to Transfer Venue (ECF No. 13). For the reasons set forth in this Order, the Court **grants in part** the motion and **orders** the case transferred to the District of Idaho.

1. **Background**

The Plaintiff, Patent Holder, LLC ("Patent Holder" or "Plaintiff"), is a Florida company with an address in Miami. (Compl. ¶ 2, ECF No. 1.) The Plaintiff owns United States Patent No. 9,404,700 (the "'700 Patent"). (*Id.* ¶ 10.) The Defendants are legally organized under the laws of Idaho with principal places of business in Priest River, Idaho. (*Id.* ¶¶ 3–4.)

**A. The '700 Patent and Alleged Infringement**

The '700 Patent is a patent for an Enhanced Trigger Control Connector. (*Id.* ¶ 11.) The Enhanced Trigger Control Connector improves a firearm's trigger by limiting "excess travel" of the trigger and by minimizing "trigger bar obstruction." (*Id.* ¶¶ 14–15.) Images of the Enhanced Trigger Control Connector and its relationship to a firearm's trigger are included here:



(*Id.* at Ex. 2, p. 5, ECF No. 1–2.)

The '700 Patent was assigned to the Plaintiff by the named inventor, Arthur Viani. (*Id.* ¶¶ 11–12.) Ghost, Inc., a business in Miami, Florida, manufactures, distributes, and sells the Enhanced Trigger Control Connector protected by the '700 Patent. (*Id.* ¶ 13.)

The Defendants also manufacture, distribute, and sell gun parts and accessories. (*Id.* ¶ 16.) The Defendants manufacture and sell an enhanced trigger control connector that allegedly infringes the '700 Patent. (*Id.* ¶¶ 17–18, 21–22.) Exhibit Two of the Complaint provides the following comparison of the prior art, the Enhanced Trigger Control Connector, and the product sold by the Defendants under the name "LWD-342-4243, LWD G42/43 3.5 Connector":



(*Id.* at Ex. 2, p. 1, ECF No. 1–2.)

The Plaintiff alleges that the Defendants are aware of the '700 Patent and their product's alleged infringement and continue to manufacture and sell the "LWD-342-4243, LWD G42/43 3.5 Connector" without the Plaintiff's authorization. (*Id.* ¶¶ 20–25.) According to the Complaint, the Plaintiff has offered for sale and sold the "LWD-342-4243, LWD G42/43 3.5 Connector" in this District despite its knowledge of the alleged infringing nature of those actions. (*Id.* ¶ 24.) Accordingly, the Plaintiff brings one count of patent infringement against the Defendants, seeking damages, attorneys' fees, costs, and further relief under 35 U.S.C. § 271. (*Id.* ¶¶ 27–32, A–I.)

### B. Lone Wolf's Business and Contacts with the Forum

Lone Wolf Distributors, Inc. and Lone Wolf R&D LLC are incorporated in Idaho and headquartered in Priest River, Idaho. (*Id.* ¶¶ 3–4; Decl. of Daniel Shepard, Jr. ¶ 4, ECF No. 13-1.) Lone Wolf manufactures and distributes its products solely from that location. (*See id.* ¶¶ 4–9.) Lone Wolf sells directly to its customers from its website and does not employ sales agents or employees outside of Idaho. (*Id.* ¶ 8.) Lone Wolf is not licensed to do business in Florida and is not registered as a foreign corporation with the state. (*Id.* ¶ 7.) Neither Lone Wolf nor any of its employees maintains a physical location in Florida. (*Id.* ¶¶ 5–6.)

According to Patent Holder, Lone Wolf has several contacts with the Southern District of Florida. Lone Wolf allegedly derives revenue from products sold in this District. (Compl. ¶ 6, ECF No. 1.) In support of this allegation, Patent Holder attaches an invoice of purchases that Ghost, Inc. made from Lone Wolf for delivery into this District as well as photographs of the received goods ordered by Ghost, Inc. from Lone Wolf. (*Id.* at Ex. 1, pp. 5–9, ECF No. 1-1.) Patent Holder also claims that dealers in this District sell infringing products manufactured by Lone Wolf. (Resp. at 3.) Patent Holder provides no evidence to support this claim. Patent Holder alleges that Lone Wolf directly infringes on its patents in this District. (Compl. ¶ 23, ECF No. 1.)

### C. Procedural History

In lieu of filing a responsive pleading, Lone Wolf moved to dismiss this action for improper venue or, in the alternative, for a transfer of venue to the District of Idaho under 28 U.S.C. § 1404(a). (ECF No. 13). In support, Lone Wolf attached a declaration from Daniel Shepard, Jr., the president and owner of Lone Wolf Distributors, Inc. and the Managing Member and owner of Lone Wolf R&D, LLC. (ECF No. 13-1.) Shepard declares under penalty of perjury that Lone Wolf maintains no physical location in Florida and that it would be inconvenient for the two small Idaho entities to litigate the dispute in this District. (*Id.*) Patent Holder responded, addressing the inconvenience of this

venue issue, but not the Defendants' arguments that venue is improper. (*See* ECF No. 14) (addressing which venue is "more convenient" under 28 U.S.C. § 1404 but failing to reference 28 U.S.C. § 1400(b).) In support of its motion, Patent Holder attached a printout of Lone Wolf's website but did not submit any declaration or affidavit to contradict the positions taken by Mr. Shepard. (*See, generally*, Resp. at 1–12, ECF Nos. 14, 14-1.) Patent Holder explicitly requested "specific factual and legal findings as to venue[,] . . . an opportunity to remedy those issues[,] . . . and discovery on those issues." (*Id.* at 11.) The Defendants filed a short reply, noting, *inter alia*, the Plaintiff's failure to address the improper venue issue. (Reply at 1–3, ECF No. 17.) The issues are now fully developed and ripe for resolution by the Court.

**2. Legal Standards**

In patent infringement suits, the law of the United States Court of Appeals for the Federal Circuit applies to matters unique to patent law. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc). However, when resolving procedural issues that are not unique to patent law, the law of the United States Court of Appeals for the Eleventh Circuit applies. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). Two generally applicable federal statutes permit district courts to transfer a case to another venue. A district court can transfer venue under 28 U.S.C § 1406(a) when the venue is improper, or under 28 U.S.C. § 1404(a) when the venue is proper but inconvenient.

Pursuant to Fed. R. Civ. P. 12(b)(3), the Defendants have moved to dismiss or, in the alternative, seek transfer to the District of Idaho under both 28 U.S.C. § 1400(b) and 28 U.S.C. § 1404(a). When evaluating the propriety of venue under Rule 12(b)(3), a district court may examine facts outside the complaint to determine whether its venue is proper. *See* 14D Charles A. Wright et al., Federal Practice and Procedure § 3826, n.30 (3d ed.) (collecting cases). Although a plaintiff need not plead venue, courts "consider to be true any well-pleaded allegations of the complaint that bear on venue, unless contradicted by defendant's affidavit evidence." *Id.* at nn. 3–4, 28–29 (collecting cases). If the plaintiff presents countervailing affidavits, the court can hold an evidentiary hearing to assess credibility and make findings of fact. *See id.* at n.32; *accord Hancock v. AT&T Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012).

Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." "Section 1404 operates where there are two (or more) forums where a suit could be brought and where it could proceed. . . . Its purpose is to determine the most convenient forum from among two or more possibly correct ones." *Dubin v.*

*U.S.*, 380 F.2d 813, 816 (5th Cir. 1967). On the other hand, § 1406(a) provides that, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) operates "where a suit is filed in federal court in a district in which venue or personal jurisdiction is improper." *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985). The Court need not have personal jurisdiction over the Defendants to consider a motion for transfer under either § 1404(a) or § 1406(a). *Manley*, 755 F.2d at 1467 n.8 (citing *Dubin*, 380 F.2d at 813); *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978). Additionally, the decision whether to transfer a case, whether it be pursuant to § 1404 or § 1406, is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion. *Pinson v. Rumsfeld*, 192 F. App'x. 811, 817 (11th Cir. 2006); *Nowell v. Dick*, 413 F.2d 1204, 1212 (5th Cir. 1969).

### A. § 1406

To find that transfer under § 1406(a) is warranted, the Court must first find that the case before it lays venue in the wrong division or district. 28 U.S.C. § 1406(a). "[A] district is 'wrong' within the meaning of § 1406 whenever there exists 'an obstacle to an expeditious and orderly adjudication' on the merits." *Dubin*, 380 F.2d at 815. Further, "[a]lthough the statute speaks only of cases where 'venue' in the original forum is wrong, it has been held to operate when there exists in the original forum an obstacle—whether incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits." *Manley*, 755 F.2d at 1467 n.8 (citation omitted). If the Court finds that venue lies in the wrong division or district, the Court may then, at its discretion, transfer to "any district or division in which it could have been brought" if the Court finds that it is "in the interest of justice" to do so. 28 U.S.C. § 1406(a).

### B. § 1404

Under § 1404, "Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Tampa Bay Storm v. Arena Football League, Inc.*, 932 F. Supp. 281, 282 (M.D. Fla. 1996) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Section 1404(a) is intended to provide for "individualized, case-by-case consideration of convenience and fairness." *Van Dusen*, 376 U.S. at 622. "In a motion to transfer venue, the movant has the burden of persuading the trial court that the transfer is appropriate and should be granted." *Surgical Outcome Support, Inc. v. Plus*

*Consulting, LLC*, No. 08-80495-Civ, 2008 WL 2950151, at *9 (S.D. Fla. July 31, 2008) (Marra, J.).

To determine whether to transfer a case, the court must make a two-pronged inquiry. First, the court must find that the alternative venue is one in which the plaintiff could originally have brought the action. 28 U.S.C. § 1404(a); *see also Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1276–77 (S.D. Fla. 2001) (Gold, J.). Second, the Court must determine whether the balance of convenience clearly weighs in favor of transfer. In determining whether convenience and the interest of justice require transfer, the court "must weigh various factors . . ." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (Nesbitt, J.). Courts should consider at least the following private and public interest factors to determine whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); *see also Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1300 (S.D. Fla. 2002) (Gold, J.). The plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, the plaintiff's choice is accorded less weight where the choice of forum lacks any significant connection to the underlying claim. *Robinson v. Giamarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

### 3. Analysis

Lone Wolf asks the Court to determine whether the Southern District of Florida is the proper venue for this suit under 28 U.S.C. § 1400(b). If venue does not lie, Lone Wolf requests that the Court either transfer or dismiss this suit under § 1406(a). If venue lies here, the Defendants request that the Court nevertheless transfer this action to a more convenient forum under § 1404(a). Because venue is improper, the Court will transfer this action under § 1406(a), and does not reach the § 1404(a) issue.

### A. Venue in the Southern District of Florida under § 1400(b)

Under 28 U.S.C. § 1400(b), "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.* Section 1400(b) is the "sole and exclusive provision controlling venue in patent infringement[] actions." *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 262–64 (1961).

A straightforward reading of the statute confirms that a plaintiff has two alternatives for laying venue in a patent infringement action. In particular, a plaintiff may properly file its complaint in either: (1) a district where the defendant resides; or (2) a district where the defendant both has engaged in infringing activity and has a "regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court's recent opinion in *TC Heartland, LLC v. Kraft Foods Group Brands, LLC*, 137 S. Ct. 1514 (2017), clarified the first prong of the statute (place of residence), while the Federal Circuit's recent decision in *In re Cray, Inc*, 2017 WL 4201535 (Fed. Cir. Sept. 21, 2017), explained the proper operation of the second prong of the statute ("regular and established place of business") following the *TC Heartland* opinion.

The Plaintiff has repeatedly asserted that venue is proper in this District "because Defendants regularly do business, have committed acts of infringement, and are subject to personal jurisdiction here." (Compl. ¶ 7, ECF No. 1; *see also* Resp. at 4) ("Plaintiff asserted in its complaint that venue is based in this district arguing that a substantial portion of the events giving rise to their claims has occurred in this district. Specifically, Plaintiff's venue assertions and evidence clearly show that Defendants regularly do business, have committed acts of infringement, and are subject to personal jurisdiction here.") These are misstatements of the law. Perhaps because of the recency of the Supreme Court's *TC Heartland* decision and the Federal Circuit's *In re Cray* decision, it appears that the Plaintiff is either unaware of the proper venue in patent cases or misunderstands the current law as it applies to the Plaintiff's attempts to assert its patent rights. Given the fact that the Plaintiff has filed more than one patent infringement lawsuit in this District and that other potential plaintiffs may be facing the same difficulties, the Court believes that an explanation of the proper application of venue under § 1400(b) is warranted here.

#### a. A district where the defendant resides

For nearly 30 years, venue in patent infringement cases largely turned on whether a defendant "resided" in the district in question. Prior to *TC Heartland*, controlling Federal Circuit authority held that a corporate patent defendant was deemed to reside anywhere it was subject to personal jurisdiction. *See VE*

*Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). The *VE Holding* decision largely allowed a patent plaintiff to establish venue by pleading that the defendant had offered for sale or sold the infringing product in the district and that the defendant had therefore "plac[ed] their infringing products into the stream of commerce, with the knowledge or understanding that such products are sold . . . in th[e] District." (*See, e.g.*, Compl. ¶ 6, ECF No. 1.)

However, on May 22, 2017, the Supreme Court overruled *VE Holding*, finding that residency for purposes of the patent venue statute actually had been decided long before *VE Holding*. *See TC Heartland*, 137 S. Ct. at 1520–21 (citing *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1956)). The Supreme Court held in *TC Heartland* that "[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." *Id.* at 1521 (alteration in original). Therefore, as of May of this year, a plaintiff can no longer simply assert that a patent defendant "regularly do[es] business, ha[s] committed acts of infringement, and [is] subject to personal jurisdiction" in the district in order to establish venue under § 1400(b). Such pleading is now legally insufficient to establish residency under the first prong of § 1400(b) in light of *TC Heartland*. Nevertheless, Patent Holder filed precisely such a pleading.

It is undisputed that the Defendants—two entities incorporated in Idaho—do not "reside" in this District. (*See* Compl. ¶¶ 3–4, ECF No. 1; *see also* Decl. of Daniel Shepard, Jr. ¶ 3, ECF No. 13-1.) Therefore, venue only lies in the Southern District of Florida if the second clause of § 1400(b) is satisfied. This presents the Court with two questions: (1) whether Lone Wolf committed acts of alleged infringement in this District, and (2) whether Lone Wolf has a regular and established place of business in this District.

### b. Acts of alleged infringement in this district

For proper venue to lie in this District, Lone Wolf must have committed acts of infringement here. "Although [§1400(b)] uses the phrase 'act of infringement,' courts have 'consistently held that an allegation of infringement is itself sufficient to establish venue and [the] plaintiff is not required to demonstrate actual infringement by [the] defendant[].'" *Raytheon Co. v. Cray, Inc.*, 2017 WL 2813896, at *4 (E.D. Tex. June 29, 2017), mandamus granted, order vacated *sub nom. In re Cray*, 2017 WL 4201535 (citation omitted) (alterations in original); *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1248 (S.D. Ala. 2006). The complaint alleges that Lone Wolf "offered for sale and/or sold the 'LWD-342-4243, LWD G42/43 3.5 Connector' . . . in Miami-Dade County." (Compl. ¶ 23, ECF No. 1.) The complaint also alleges that "the 'LWD-342-4243, LWD G42/43 3.5 Connector' contains elements defined

with respect to the claims of the '700 Patent." (*Id.* ¶ 22.) Although this allegation may be contested, it satisfies the "acts of infringement" requirement of § 1400(b).

### c. A regular and established place of business in this district

In addition to acts of infringement, Lone Wolf must have a regular and established place of business here for venue to properly lie in this District. This issue is more complex, requiring careful consideration of § 1400(b)'s purpose and scope. *See In re Cray*, 2017 WL 4201535, at *5. When applying the patent venue statute, courts construe its requirements strictly. *See Schnell*, 365 U.S. at 264. The statute's "scope can best be determined from an examination of the reasons for its enactment." *Stonite Prod. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 563 (1942); *see also TC Heartland*, 137 S. Ct. at 1518; *In re Cray*, 2017 WL 4201535, at *5. When crafting the "regular and established place of business" requirement, Congress sought to cure the ills created by an old rule that subjected defendants to venue in patent cases based on their transitory presence in the forum. *See In re Cray*, 2017 WL 4201535, at *5–6; *see also Bowers*, 104 F. at 889–90. The language was intended to limit patent venue to forums in which the defendant's presence is permanent. *See In re Cray*, 2017 WL 4201535, at *5–6.

According to recent Federal Circuit precedent, § 1400(b)'s "regular and established place of business" clause imposes three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Id.* at *4. "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* When applying this test, "[c]ourts should be mindful of [§ 1400(b)'s] history . . . and be careful not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *Id.* at *5. The test is more demanding than the minimum contacts test applied to personal jurisdiction. *See id.* The "regular" and "established" qualifiers also require more than merely "doing business" within the forum. *See id.* at *5–6. It would therefore be improper to subject a company to venue on the basis of an irregular or unestablished business presence in the forum. *Id.*

Turning to this case, Patent Holder points to two facts in an attempt to demonstrate that Lone Wolf has a regular and established place of business in this District. First, Patent Holder alleges that Lone Wolf derives revenue from products sold here. (Resp. at 4, ECF No. 14; Comp. ¶¶ 6, 17.) This fact may be relevant to whether Lone Wolf is subject to personal jurisdiction in this District, but the Federal Circuit specifically warned against conflating these issues. *See In re Cray*, 2017 WL 4201535, at *5. Revenue derived from the forum has no

bearing on whether § 1400(b)'s physical place requirements are met. *See id.* at *4.

Patent Holder also observes that Lone Wolf's website includes a link entitled "Dealer Sign Up." (Resp. at 3, ECF No. 14; Resp. at Ex. A, ECF No. 14.) Patent Holder argues that dealers may be selling Lone Wolf products in this District. (*See* Resp. at 3, ECF No. 14) ("Plaintiff believes that Defendants have local dealers/distributors that may be committing acts of infringement in this District.") Even assuming *arguendo* that Patent Holder is correct, this fact fails to support a finding that venue is proper under § 1400(b) because it does not have any bearing on whether Lone Wolf maintains a physical place within the District. *See In re Cray*, 2017 WL 4201535, at *4. Further, to the extent that any such dealers have physical locations in this District, those physical locations are irrelevant to the Court's analysis under § 1400(b). According to Federal Circuit precedent, the physical place required by § 1400(b) "must be the place of the defendant." *Id.* Even if Patent Holder is correct that some entity sells Lone Wolf products from a physical location in this District, that physical location would not belong to Lone Wolf and would therefore be insufficient to support venue under § 1400(b). *See id.*, at *4, 6 ("[T]he defendant must establish or ratify the place of business."); *see also Talsk Research, Inc. v. Evernote Corp.*, No. 16-2167-Civ, 2017 WL 4269004, at *4 (N.D. Ill. Sept. 26, 2017) ("The Federal Circuit's decision in *Cray* leaves no room for Plaintiff to argue that the handful of non-employee, independent contractors present in this District constitute a 'regular and established place of business' for Defendant within the meaning of § 1400(b).")

In sum, Lone Wolf lacks a regular and established place of business in this District. Lone Wolf does not have a physical place in the District. Even assuming that certain dealers sell Lone Wolf products in the District, any such physical place would be legally insufficient to support venue because that physical place would not belong to Lone Wolf. Therefore, Patent Holder has failed to adequately demonstrate that Lone Wolf has a regular and established place of business in this District, and venue does not lie here under the second clause of § 1400(b).

### B. Patent Holder's Request for Venue-Specific Discovery

Perhaps recognizing this inevitable conclusion, Patent Holder argues that the Court should order venue-specific discovery before resolving the Defendant's motion to dismiss or transfer. (Resp. at 3–4, 11.) The Plaintiff, however, has not set out what discovery it seeks; instead, it argues that "discovery is necessary to determine whether Defendants have a regular and established place of business in the district, whether Defendants have a network of dealers/distributors within the district, and whether Defendants have sold products within the district." (*Id.* at 3–4.) Lone Wolf does not respond

to this request, arguing instead that the burden is on the Plaintiff to establish proper venue and that Patent Holder has failed to do so. (Reply at 1–2.) Because Patent Holder has not offered any basis to believe that discovery will yield information supporting venue under any factor, the Court denies Patent Holder's request.

"[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Whether to order venue-specific discovery lies within the broad discretion of the district court. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.13 (1978). Requests for discovery upon a defendant filing a motion to dismiss often occur in the context of jurisdictional questions. *See, e.g., Westchester Fire Ins. Co. v. Aerospace*, No. 16-23189-Civ, 2017 WL 4326097, at *3 (S.D. Fla. Sept. 26, 2017) (Moreno, J.); *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009) (Gold, J.); *Zamora Radio, LLC.v. Last.fm LTD.*, No. 09-20940-Civ, 2011 WL 2580401, at *11 (S.D. Fla. June 28, 2011) (Torres, Mag. J.). Such discovery is ordered where there is a dispute concerning facts that directly relate to the issue raised in the motion to dismiss. *See Bernardele*, 608 F. Supp. at 1321. A plaintiff that requests discovery must "set forth specific information . . . that will establish" that venue properly lies in this District. *See Zamora Radio*, 2011 WL 2580401, at *11. There must be a connection between the discovery sought and the question of proper venue. *See Utsey v. New Eng. Mut. Life Ins. Co.*, No. 07-0199-Civ, 2007 WL 1076703, at *2 (S.D. Ala. April 9, 2007) ("There is no absolute right to conduct jurisdictional discovery; indeed, courts have routinely denied such requests in the absence of any specific showing by the movant establishing the need for same."); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery, and granting the defendant's motion to dismiss for lack of jurisdiction, when the plaintiff did not show how such discovery would bolster its position).

In this case, the Plaintiff did not provide its own affidavit in support of its position. Nor did the Plaintiff dispute, in any way, the statements made under penalty of perjury by Daniel Shepard, Jr., the president and owner of Lone Wolf Distributors, Inc. and the Managing Member and owner of Lone Wolf R&D, LLC. Instead, Patent Holder seeks discovery in an attempt to establish the existence of "a network of dealers/distributors within the district," the existence of which the Defendant denies under oath. (*See* Decl. of Daniel Shepard, Jr. ¶ 8, ECF No. 13-1.) This would be, by definition, a "fishing expedition."

The Court also notes that the Plaintiff has not affirmatively sought this discovery; it has not filed a motion seeking such or sought a stay of this motion

pending this discovery. This failure, alone, would be enough for the Court to deny the Plaintiff's request. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (finding district court did not abuse its discretion by denying jurisdictional discovery when the plaintiff did not formally move for jurisdictional discovery but, instead, buried the request in its briefs as an alternative to dismissal and when the plaintiff did not take any affirmative steps or formal action to compel discovery); *see also Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (Ungaro, J.) (denying request for discovery and holding that the plaintiff's failure to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute). And, as at least one district court has noted, "allowing plaintiffs to file suit in far-flung districts and then demand discovery on the issue of venue would recreate the inconvenience that venue rules are intended to prevent—the defendant would still be required to litigate in an inconvenient district." *Symbology Innovations, LLC v. Lego Sys.*, No. 2:17-00086-Civ, 2017 WL 4324841, at *12 (E.D. Va. Sept. 28, 2017). The Supreme Court has explained that § 1400(b) "was a restrictive measure, limiting a prior, broader venue." *Schnell*, 365 U.S. at 262. Thus, allowing the Plaintiff to file in this District without any evidence or legitimate belief that venue is proper and then demand discovery in an attempt to establish venue—something it should have done before filing—would undermine the purpose of § 1400(b).

Here, Patent Holder proffers few facts regarding Lone Wolf's supposed place of business within the forum. The facts presented—revenue and possible sales by dealers that reside in the District—fail to suggest any continuous presence here. (*See* Resp. at 3, ECF No. 14.) These facts also fail to suggest that discovery would show that Lone Wolf has a regular and established place of business in this forum. There is no indication of impropriety in Lone Wolf's sworn declaration, which establishes that venue is not proper in this District. (*See* Decl. of Daniel Shepard, Jr., ECF No. 13-1.) Finally, Patent Holder fails to identify any source of information or fact that would change the Court's analysis of whether Lone Wolf has a regular and established place of business in this District. Accordingly, Patent Holder's request for venue-specific discovery is denied.

### C. Whether to Transfer or Dismiss

After determining that venue is improper in this District, the Court must first decide whether to transfer the case. Federal law empowers the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a). In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that

discretion." *Roofing & Sheet Metal Services. Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982). When deciding whether to transfer or dismiss, district courts should generally favor transfer over dismissal. *See Casey v. Fla. Coastal Sch. of Law, Inc.*, No. 12-20785-Civ, 2014 WL 11798521, at \*4 (S.D. Fla. Sept. 30, 2014) (citing *Ferris v. Rollins College, Inc.*, No. 1:08-00039-Civ, 2008 WL 4569872, at \*5 (N.D. Fla. Oct. 9, 2008) ("Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is time consuming and may be justice-defeating.").

The Court harbors concerns regarding whether Patent Holder had a good-faith basis for its venue allegations, including its failure to even address recent Supreme Court and Federal Circuit precedent that is directly on point. Without more, however, there are insufficient grounds for the Court to determine that Patent Holder selected the Southern District of Florida in bad faith or to harass the Defendant. Therefore, in the interests of justice, the Court elects to transfer this suit.

When a plaintiff files suit in an improper venue, the court may transfer the action "to any district in which it could have been brought." 28 U.S.C. § 1406(a). The case should be transferred to a district court that may exercise jurisdiction over the controversy and where venue is proper. As Lone Wolf's state of incorporation, the company "resides" in Idaho for purposes of § 1400(b), and is subject to general personal jurisdiction in that state. *See TC Heartland*, 137 S. Ct. at 1517 (holding that for purposes of § 1400(b), a corporation resides in its state of incorporation); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (holding that corporations are subject to general personal jurisdiction in their state of incorporation). Under these circumstances, the proper course is to transfer this action to the District of Idaho.

### D. Failure to Abide by Local Rules

Local Rule 3.8 requires that "[i]t shall be the **continuing duty** of the attorneys of record in every action or proceeding to **bring promptly to the attention of the Court** and opposing counsel the existence . . . of any similar actions or proceedings then pending before another court or administrative agency." (emphases added). Despite this continuing obligation on the part of the attorneys of record in this case, neither party brought to the Court's attention that the Plaintiff filed a nearly-identical patent litigation against Leonard Magill, Lmp/Mail Order Video, Inc. and Magill's Glockstore, asserting that the defendants in that case manufacture and sell an enhanced trigger control connector that allegedly infringes the '700 Patent. *See Patent Holder, LLC v. Magill, et al*, No. 1:17-22826-Civ (Ungaro, J.). Neither party informed the Court that the defendants in the *Magill* matter also moved to dismiss or

transfer that case out of the Southern District of Florida pursuant to § 1400(b) and § 1404(a). Neither party informed the Court that the Plaintiff filed a virtually identical opposition to that motion as it filed in this case, with the exception that the Plaintiff attempted to submit affidavit evidence to rebut the affidavits provided by the defendants in the *Magill* matter—evidence that it did not present to this Court. And neither party informed the Court that, despite this evidence and identical arguments by the Plaintiff, Judge Ungaro held that because "this is a patent case and venue is governed by §1400(b), which is not discretionary . . . the Court must transfer venue." *Patent Holder, LLC v. Magill, et al*, No. 1:17-22826-Civ, ECF No. 32, at *5 (S.D. Fla. Oct. 10, 2017) (Ungaro, J.). The parties, particularly the Plaintiff, are reminded that, should they appear in this District in the future, they must abide by the duties imposed upon them by the Local Rules, including Local Rule 3.8 and Local Rule 7.1(e).

**4. Conclusion**

In accordance with the analysis and rulings set forth above, Lone Wolf's Motion to Dismiss for Lack of Venue, or in the Alternative to Transfer Venue, and Memorandum of Points and Authorities in Support Thereof (**ECF No. 13**) is **granted in part**. Pursuant to 28 U.S.C. § 1406(a), the Clerk of Court shall **transfer** this case to the United States District Court for the District of Idaho.

**Done and ordered** in chambers, at Miami, Florida, on October 31, 2017.

Robert N. Scola, Jr.
United States District Judge